**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| WILLIAM JEFFREY KARN, | * | |
| Plaintiff, | * | |
| v. | * | Case No. GJH-16-3261 |
| PTS OF AMERICA, LLC, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In his proposed Amended Complaint, Plaintiff William Jeffrey Karn now seeks to bring this action against Defendants PTS of America, LLC d/b/a Prisoner Transportation of America ("PTS"), Brevard Extraditions, LLC d/b/a/ U.S. Prisoner Transport, Inc. ("U.S. Prisoner Transport"), Jorge Santiago, Christopher Cabrera, James Lebron, and Robert Mitchell King, Sr. (collectively, "Defendants"), alleging various constitutional violations under 42 U.S.C. § 1983, violations of Articles 24 and 26 of the Maryland Declaration of Rights, and state common law claims resulting from Defendants' transport of Plaintiff, a pre-trial detainee, from Maryland to South Carolina in December 2015. Presently pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 32. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion shall be granted, in part, and denied, in part.

## I.  BACKGROUND[1]

On or about December 9, 2015, Plaintiff was arrested in Montgomery County, Maryland for failure to timely pay child support in Horry County, South Carolina. ECF No. 32-1 ¶ 15. On December 23, 2015, Plaintiff waived an extradition hearing and was taken to a facility in Montgomery County to await transport to South Carolina. *See id*. ¶¶ 15–16. Thereafter, Defendants transported Plaintiff to Horry County by van. Plaintiff alleges that what should have been an approximate seven hour, 418 mile drive turned into a nine day, 2,500 mile trip, during which time Plaintiff was subjected to "horrendous physical and mental abuses, including depriving him of restroom breaks and sleep, indiscriminately dispensing pepper spray into the van, and forcing him to sit for extended periods of time in his human waste and the human waste of other prisoners." *Id.* at 2.

Plaintiff filed his initial eight-count Complaint on September 26, 2016 against PTS and unidentified individual drivers, sued collectively as John Does #1-6. ECF No. 1.[2] PTS filed an Answer to Plaintiff's negligence claim, ECF No. 10, and moved to dismiss the remaining claims. ECF No. 9. The Court dismissed Plaintiff's state common law claims, 42 U.S.C. § 1983 claim under the Fourth Amendment, both claims under the Maryland Declaration of Rights, and the 42 U.S.C. § 1983 claim under the Fourteenth Amendment Due Process Clause against PTS. ECF No. 21. The Court allowed Plaintiff's 42 U.S.C. § 1983 claim under the Fourteenth Amendment Due Process Clause to proceed against the individual drivers, finding that Plaintiff adequately

---

[1] A complete factual background is provided in the Court's September 18, 2017 Memorandum Opinion adjudicating PTS's Partial Motion to Dismiss. *See* ECF No. 21. Only those facts relevant to Plaintiff's pending Motion will be repeated herein. Those facts are taken from the Amended Complaint, ECF No. 32-1, and assumed to be true.
[2] Plaintiff's initial claims were as follows: Count I: Negligence; Count II: Intentional Infliction of Emotional Distress; Count III: Negligent Hiring, Training, and Supervision, Count IV: False Imprisonment; Count V: Violation of 42 U.S.C. § 1983 – Unlawful Arrest, Seizure, and Detention; Count VI: Violation of 42 U.S.C. § 1983 – Mistreatment in Custody; Count VII: Violations of Article 24 and 26 of the Maryland Declaration of Rights – Excessive Force; and Count VIII: Violations of Article 24 and 26 of the Maryland Declaration of Rights – Loss of Liberty. ECF No. 1 at 9–19.

alleged that the individual drivers subjected him to unconstitutional conditions of confinement that amounted to cruel and unusual punishment. ECF No. 21 at 16–19. The Court further provided Plaintiff with the opportunity, through discovery, to identify the individual drivers and amend the Complaint accordingly. *Id.* at 16 n.5.

Plaintiff now moves to amend his Complaint and add individual drivers Jorge Santiago, James Lebron, Christopher Cabrera, and Robert King, Sr. as named defendants. ECF No. 32 ¶ 4. Plaintiff also seeks to add U.S. Prisoner Transport, Inc., a wholly-owned subsidiary of PTS and employer of three of the individual drivers, as a named defendant. *Id.* ¶ 5. Furthermore, Plaintiff seeks to supplement his Complaint with additional factual allegations in support of his previously-dismissed negligent hiring, training, and supervision claim, § 1983 claim under the Fourteenth Amendment against PTS, and claims under the Maryland Declaration of Rights. *Id.* Based on these additional factual allegations, Plaintiff's Amended Complaint asserts the following claims: Negligence against all Defendants (Count I); 42 U.S.C. § 1983 Due Process Clause against PTS, U.S. Prisoner Transport, and the individual officers in their official capacities (Count II); 42 U.S.C. § 1983 Due Process Clause against the individual officers in their individual capacities (Count III); Violation of Articles 24 and 26 of the Maryland Declaration of Rights against all Defendants (Count IV); and Negligent Training/Supervision/Retention against PTS and U.S. Prisoner Transport (Count V). ECF No. 32-1.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiffs may amend their complaint with the court's leave. "[T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the

3

amendment would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). PTS opposes Plaintiff's Motion with respect to Counts II, IV, and V, arguing that the amended claims are futile in light of the analysis underlying the Court's prior dismissal.[3] ECF No. 33 at 5.[4]

But as a preliminary matter, PTS argues that because the Court dismissed these claims without specifying if the dismissal was with or without prejudice, the claims were effectively dismissed *with prejudice* and cannot be re-litigated through Plaintiff's Amended Complaint. *Id.* at 4. In support of its argument, PTS points to Federal Rule of Civil Procedure Rule 41(b), which provides that any dismissal "—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Similarly, "[c]ourts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *See McLean v. U.S.*, 566 F.3d 391, 396 (4th Cir. 2009); *see also Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

However, neither Rule 41(b), nor the Court's presumptive dismissal of certain claims with prejudice, prohibits Plaintiff from amending his Complaint now. "Plaintiffs whose actions are dismissed are free to subsequently move for leave to amend pursuant to Federal Rule of Civil Procedure 15(b) even if the dismissal is with prejudice." *Abdul-Mumit v. Alexandria Hyundai,*

---

[3] PTS only opposes those amendments applicable to PTS and does not oppose the addition of the named individual drivers and U.S. Prisoner Transport. ECF No. 33 at 3 n.1. Because the Court provided Plaintiff with an opportunity to identify the individual drivers through discovery, Plaintiff's associated amendments related to these additional parties will be permitted.
[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*LLC*, -- F.3d --, Nos. 17-1582, 17-1587, 17-1611, 2018 WL 3405474, at *6 (4th Cir. July 13, 2018) (citing *Laber v. Harvey*, 438 F.3d 404, 427–28 (4th Cir. 2006)). As recognized in *Laber*:

> [a] district court may not deny [a motion to amend the complaint] simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits. . . . Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.

438 F.3d at 427 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[5] Regardless of how the Court adjudicated Plaintiff's claims in its initial Order, Rule 15 still guides whether the Amended Complaint is proper. *See Matrix Capital Management Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 194 (4th Cir. 2009) (finding that district court abused its discretion in denying leave to amend claims dismissed with prejudice when court "merely repeated the reasons it had previously offered for dismissing the operative complaint . . . [and] made no determinations about prejudice, bad faith, or futility with respect to the proposed second amended complaint"). Therefore, the Court's prior dismissal, even if presumed to be with prejudice, does not automatically bar Plaintiff from amending his Complaint.

With regard to whether the amendments are proper, PTS does not allege that Plaintiff's amendments will result in prejudice or were made in bad faith. A trial date has not been set, there remains ample time for additional discovery, if needed, and Plaintiff only seeks to supplement his prior claims with additional factual allegations. As such, the Court has no basis to find that

---

[5] In *Laber*, the Fourth Circuit stated that "[t]here is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). In this case, the Court did not enter a "judgment" as it did not dismiss all of Plaintiff's claims or enter an "order from which an appeal lies." *See* Fed R. Civ. P. 54(a); 54(b) (noting that any order or decision that adjudicates fewer than all the claims does not end the action unless the court expressly directs entry of a final judgment as to one or more of the claims). Therefore, Plaintiff was not required to submit a motion under Rule 59(e) or 60(b) along with his motion to amend the complaint. Furthermore, while the cases cited above evaluate whether a plaintiff may amend his complaint under Rule 15(b), *i.e.*, during or after trial, the fact that Plaintiff is seeking to amend his Complaint at an earlier stage in the proceeding does not render these holdings inapplicable. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (when a plaintiff seeks to amend his complaint along with a Rule 59(e) or 60(b) motion, "the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a)").

the amendments are prejudicial or made in bad faith. *See Laber*, 438 F.3d at 426 ("[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing"); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999) (noting that merely adding specificity to allegations generally does not cause prejudice to the opposing party). The Court must now assess whether the amendments are futile.

### A. Negligent Training, Supervision, and Retention (Count V)

To state a common law claim for negligent hiring, training, or supervision, Plaintiff must allege: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring, [training, or supervising the employee] . . . as the approximate cause of plaintiff's injuries." *Jarvis v. Securitas Sec. Servs. USA, Inc.*, No. 11-CV-00654-AW, 2012 WL 527597, at *5 (D. Md. Feb. 16, 2012), *aff'd sub nom.*, *Jarvis v. Contractor Securitas Sec.*, 474 F. App'x 271 (4th Cir. 2012) (citing *Latty v. St. Joseph's Soc. of Sacred Heart, Inc.*, 17 A.3d 155, 165 (Md. Ct. Spec. App. 2011)). Previously, the Court found that Plaintiff's allegations were insufficient because:

> while Plaintiff has alleged the existence of an employment relationship between the guards or drivers and PTS, and incompetent conduct that injured Plaintiff, the Complaint [was] devoid of actual facts about PTS's training and supervision, or about PTS's selection of any particular employee nor does Plaintiff allege prior incidents of misconduct involving these guards or drivers that would have given Defendants actual or constructive notice of their incompetence.

*Karn v. PTS of America LLC*, No. GJH-16-3261, 2017 WL 4162251, at *6 (D. Md. Sept. 19, 2017).

Plaintiff has now addressed these shortcomings. In his Amended Complaint, Plaintiff alleges that, based on the number of lawsuits filed against PTS and U.S. Prisoner Transport, Defendants knew or should have known that its individual drivers were engaging in the pattern

of behavior that Plaintiff was subjected to in December of 2015. ECF No. 32-1 ¶ 53.[6] According to Plaintiff, these lawsuits show that PTS was aware that its employees have repeatedly subjected detainees to the same abusive treatment alleged in the Complaint. *See* ECF No. 32-1 ¶¶ 86–105. Plaintiff also specifically alleges that one of these suits involved Lebron intentionally harmed detainees by slamming on the brakes while driving and refusing to provide medical assistance to a detainee that fell and dislocated his shoulder. *See id.* ¶ 104 (citing *Kittrell v. U.S. Prisoner Transport*, No. 6:2010-cv-01798 (M.D. Fla. May 20, 2010)).[7] Plaintiff's additional factual allegations suggest that PTS was on notice that its employees were mistreating the detainees in their charge, both generally and individually with respect to Lebron, and they were not properly training or supervising them. Therefore, the Court finds that Plaintiff's Motion to Amend Count V is not futile.

### B. Section 1983 Due Process Against PTS (Count II)

In dismissing Plaintiff's § 1983 due process claim against PTS, the Court recognized that because there is no doctrine of *respondeat superior* in § 1983 actions, PTS is not automatically liable for the alleged unconstitutional acts of its employees. *See Karn*, 2017 WL 4162251, at *7 (citing *Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978)).[8] Rather, an employer may only be found liable when a plaintiff is injured as a result of the execution of the employer's unconstitutional policy or custom. *Id.* (citing *Walker v. Prince George's Co., Md.*,

---

[6] In his Amended Complaint, Plaintiff now characterizes this claim as "negligent training, supervision, and *retention*" instead of "negligent *hiring*, training, and supervision." *See* ECF No. 36 at 6–7 (emphasis added).

[7] PTS notes that in *Kittrell*, the court granted summary judgment in PTS's favor. *See* ECF No. 33 at 7. While further inquiry into the incident may reveal that PTS was not on notice of Lebron's purported incompetence or that Lebron did not commit the acts then-alleged, the fact that this case was disposed of on summary judgment, without more, does not serve as an automatic bar to Plaintiff's negligent supervision claim herein.

[8] Section 1983 liability is limited to those "acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). While the Court dismissed the § 1983 claim against PTS, it found that "as a private corporation involved in the custody and control of prisoners, PTS performs a traditional state function and therefore may be held liable under Section 1983." *Karn v. PTS of America LLC*, No. GJH-16-3261, 2017 WL 4162251, at *6 (D. Md. Sept. 19, 2017) (citations and internal quotations omitted).

575 F.3d 426, 431 (4th Cir. 2009)). Because Plaintiff's initial complaint appeared "to be limited to a single experience, at a particular time, with a particular set of guards," and did not contain "factual allegations from which the Court could reasonably infer the existence of a written policy, a policy established by custom, or a policy established by negligent training and supervision," the Court dismissed the claim. *Id.* at *9.

Now, Plaintiff's Amended Complaint sets forth factual allegations to suggest that he was injured as a result of PTS's unconstitutional policy or custom. To hold an employer liable for an unconstitutional policy or custom, plaintiff must allege liability "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal citations omitted). If accepted as true, the laundry list of additional allegations of constitutional violations in the Amended Complaint suggest that even if not done pursuant to written policy, PTS has an informal policy, established through custom or usage, that results in detainees like Karn being subjected to inhumane conditions. *See Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987) ("the existence of such a custom or usage may be found in persistent and widespread practices of municipal officials which although not authorized by written law, are so permanent and well-settled as to have the force of law") (citation and internal quotation omitted); *Shields v. Prince George's Cty.*, No. GJH-15-1736, 2016 WL 4581327 at *8–9 (D. Md. Sept. 1, 2016) (finding plaintiffs had sufficiently alleged an unconstitutional policy or custom by cataloguing a list of similar allegations against defendant in multiple lawsuits). And beyond merely tolerating the purported

abusive treatment by its drivers, Plaintiff alleges a number of actual policy decisions that could make Plaintiff's individual experience commonplace. Specifically, Plaintiff alleges that Defendants' business model "is to transport the most number of prisoners and detainees in the cheapest means possible," such that Defendants "limit the food and water supply provided to prisoners, and limit restroom breaks or stops at facilities for prisoners to sleep." ECF No. 32-1 at 3; *id.* ¶ 11; *see also* ¶¶ 45–46 (alleging that the business model is to have detainees sleep sitting up in vans so that drivers only have to get detainees to a sleeping location with 36-48 hours). Therefore, Plaintiff's Motion to Amend Count II is not futile**.**

### C. Maryland Declaration of Rights (Count IV)

The Court previously dismissed Count IV (previously labeled Counts VII and VIII) because it found that unlike § 1983 claims, which subject those "acting under color of state law" to liability, Maryland courts only permit state constitutional claims against "public officials" or "government agents." *Karn*, 2017 WL 4162251, at *10 (citing *See Estate of Jones v. NMS Health Care of Hyattsville, LLC*, 903 F. Supp. 2d 323, 329 (D. Md. 2012)). Plaintiff seeks to amend Count IV to allege that PTS was a government agent acting under color of state law pursuant to its contract with Horry County. ECF No. 32-1 ¶¶ 4, 17. However, the Court expressly rejected this argument, *see Karn*, 2017 WL 4162251 at *10 n.9, and Plaintiff's Motion to Amend Count IV will be denied. *See Cutonilli v. Maryland*, 251 F. Supp. 3d 920, 923 (D. Md. 2017) (denying motion to amend because plaintiff's amended claim tracked the allegations of his initial claim, and plaintiff did not show that the court's prior dismissal was in error).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend, ECF No. 32, is granted, in part, and denied, in part. A separate Order shall issue.

Date: July 26, 2018                    _____/s/_____
                                       GEORGE J. HAZEL
                                       United States District Judge