**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| WILLIAM JEFFREY KARN, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-16-3261 |
| | * |
| PTS OF AMERICA, LLC, et al. | * |
| Defendants. | * |

**MEMORANDUM OPINION**

In December 2015, Plaintiff William Karn was transported from Maryland to South Carolina in prisoner transport vans operated by Defendants Prisoner Transportation of America, LLC ("PTS") and Brevard Extraditions, LLC d/b/a United States Prisoner Transport, Inc. ("Brevard"). ECF No. 40 at 2.[1] Defendant Jorge Santiago, an employee of PTS, and Defendants Christopher Cabrera, James Lebron, and Robert Mitchell King, Sr., employees of Brevard, were assigned to Plaintiff's transport. *Id.* ¶¶ 6-10. Plaintiff alleges that during this transport he was subjected to "horrendous physical and mental abuses." *Id*. He filed his first Complaint in this case in September 2016 alleging violations of the Fourth, Eighth, and Fourteenth Amendments, as well as various state law claims. ECF No. 1. The Court granted a motion to dismiss all claims as to the institutional defendants and all but the constitutional claims as to the individual defendants. ECF No. 22. Having now conducted discovery, Plaintiff filed an Amended Complaint alleging violations of the Due Process Clause, the Maryland Declaration of Rights,

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 40, and are presumed to be true.

1

and state law negligence claims.[2] ECF No. 40. Defendants have filed Motions to Change Venue, ECF Nos. 49, 65, a Motion to Dismiss for Failure to State a Claim, ECF No. 55, and Motions to Dismiss for Lack of Jurisdiction, ECF Nos. 64, 65. No hearing is necessary. *See* Loc. Rule 105.6. For the following reasons, Defendants Cabrera and King's Motion to Dismiss for Lack of Jurisdiction, ECF No. 65, shall be denied without prejudice. The remaining Motions shall be denied.

## I. BACKGROUND

At 10:00pm on December 23, 2015, Defendants Santiago and Lebron, employees of PTS and Brevard respectively, picked up Plaintiff, a pre-trial detainee, in Montgomery County, Maryland to transport him to Horry County, South Carolina to face charges that he failed to timely pay child support. ECF No. 40 ¶¶ 7, 9, 15. Plaintiff alleges that he was immediately shackled—so tightly that his hands went numb—and placed into a van with ten other prisoners who had already been in the van for days. *Id*. ¶¶ 18-21, 23. Plaintiff alleges that the conditions in the van were horrendous, as the prisoners had not been given adequate opportunities to use the bathroom or to bathe. *Id*. ¶¶ 20, 28, 67-76. The van and the other prisoners were soiled with urine, vomit, and feces. *Id*. The van left Montgomery County, Maryland and drove to South Charleston, West Virginia, arriving a few hours later. *Id*. ¶ 37.

Plaintiff alleges that he was kept in these conditions for the next nine days on a circuitous trip through West Virginia, Kentucky, Tennessee, Arkansas, and North Carolina before finally arriving in South Carolina on December 31. *Id*. at 3, ¶ 37. Defendants Cabrera and King did not come into contact with Plaintiff until they took over his transport in Hopkinsville, Kentucky. *Id*. ¶ 35. Plaintiff's additional allegations of misconduct can be found in the Court's previous

---

[2] Plaintiff concedes that his Maryland Declaration of Rights claim was properly disposed of by the Court's previous Order. ECF No. 39.

memorandum opinion in this case. *See Karn v. PTS of Amer.* No. GJH-16-3261, 2018 WL 3608772 at *1-2 (D. Md. July 26, 2018).

## II. STANDARD OF REVIEW

Under a motion to dismiss for lack of personal jurisdiction, the burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The court may allow a plaintiff to make "a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge," *see Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009), but the "plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n. 5 (4th Cir. 2005). "In deciding whether the plaintiff has made the requisite showing the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). A federal court exercises personal jurisdiction over a defendant by applying the law of the state in which it sits. *Id*.

On a motion to dismiss for improper venue, "[i]t is the Plaintiff's burden to establish that venue is proper." *Tinoco v. Thesis Painting, Inc.*, No. GJH-16-752, 2017 WL 52554 at *2 (D. Md. 2017). The Court must view the facts in the light most favorable to the plaintiff. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012). To survive a motion to dismiss for improper venue, "the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). On a motion to transfer venue pursuant to 28 U.S.C. § 1404, however, "the burden is on the moving party to show that transfer to another forum is proper." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

### III. DISCUSSION

#### A. Personal Jurisdiction

As an initial matter, individual Defendants James Lebron, Christopher Cabrera, and Robert King, Sr. challenge the Court's personal jurisdiction over them. ECF Nos. 64, 65. For a district court to assert personal jurisdiction over a nonresident defendant, "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst*, 334 F.3d at 396. In Maryland, the "long-arm statute is coextensive with the limits of

personal jurisdiction set by the due process clause of the Constitution," so the statutory inquiry merges with the constitutional inquiry. *Id.* at 396-97. For a court's exercise of jurisdiction over a defendant to comply with the due process clause, the defendant must have "'minimum contacts' with the forum, such that to require the defendant to defend its interests in the state 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 397 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Where the defendant's contacts with the forum state provide the basis for the suit, those contacts may establish "specific jurisdiction." *Id.* In the Fourth Circuit, to determine whether specific jurisdiction exists the Court must consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* The exercise of personal jurisdiction over a defendant is constitutionally reasonable if it is not "so gravely difficult and inconvenient as to place the defendant at a severe disadvantage in comparison to his opponent." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 296 (4th Cir. 2009). The Fourth Circuit has identified several factors relevant to the constitutional reasonableness inquiry:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

*Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 279 (4th Cir. 2012).

But where the defendant's contacts with the state are not also the basis for the suit, then a court's exercise of jurisdiction must arise from a defendant's "continuous and systematic" activities in the state; these activities establish "general jurisdiction." *Carefirst*, 334 F.3d at 397.

5

Here, Defendant Lebron, a resident of Orlando, Florida, *see* ECF No. 64-1 ¶ 1, picked up Plaintiff in Montgomery County, Maryland on December 23, 2015 as part of his employment with Brevard. ECF No. 40 ¶ 16. Some of the alleged tortious conduct as to Plaintiff began immediately upon his pickup, as Plaintiff accuses Defendants of shackling him too tightly, and of transporting him in an overcrowded van with prisoners soiled with urine, feces, and vomit because they had not been allowed adequate bathroom or bathing privileges. *Id*. ¶¶ 20, 28, 67-76. Defendant Lebron thus "availed [him]self of the privilege of conducting activities in Maryland," because he purposefully performed work for Brevard in Maryland by driving to and through the state in order to pick up Plaintiff. *Carefirst*, 334 F.3d at 397. Furthermore, at least some of Plaintiff's alleged injuries arose because he was picked up in Maryland and occurred while he was still in Maryland.

The Court must thus turn to whether it is constitutionally reasonable to exercise jurisdiction over Defendant Lebron. First, Lebron offers no suggestion that litigating in Maryland would be excessively burdensome. Second, the state of Maryland has a valid interest in this case, as Plaintiff is a resident of Maryland whose extradition gave rise to the alleged injuries. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) ("A state generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors."). Third, Plaintiff's continued residence in Maryland makes it a convenient and effective forum for him. Fourth, the lawsuit against Co-Defendants PTS and Brevard has been proceeding in Maryland for two years and will continue to proceed in Maryland, so litigating the allegations against Defendant Lebron here is an efficient use of judicial resources. Furthermore, "the inequity of being haled into a foreign forum is mitigated if it was reasonably foreseeable that the defendant could be subject to suit there." *CFA Inst.*, 551 F.3d at 296. For

Defendant to drive through Maryland with a van full of detainees created a "predictable risk" that he could be subject to a lawsuit here. *See Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring). Thus, the Court has personal jurisdiction over Defendant Lebron.

Defendants Cabrera and King also challenge the Court's exercise of personal jurisdiction. Unlike Defendant Lebron, Cabrera and King only joined the transport after it had left Maryland and proceeded into Kentucky. *See* ECF Nos. 65-3.[3] Cabrera and King then transported Plaintiff through Tennessee and into South Carolina. *See* ECF No. 40 at 3. On the record before the Court, neither Cabrera nor King have had any contacts with the state of Maryland. Though Plaintiff suggests that jurisdiction attaches to Cabrera and King as employees of a company that performs work in Maryland, he cites no authority for this proposition. Therefore, because specific jurisdiction only arises where a defendant's contacts with the forum state provide the basis for the suit, Plaintiff must establish general jurisdiction over Defendants instead. *See Carefirst*, 334 F.3d at 397. To establish general jurisdiction, Plaintiff must show that the Defendants have had "continuous and systematic" activities in the state. *Id*. The Court will grant Plaintiff's request to conduct limited discovery for 60 days on whether Cabrera and King have satisfied the general jurisdiction requirement.

    B. <u>Venue</u>

Defendants PTS, Brevard, Lebron, King, and Cabrera each move to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and, alternatively, move to transfer venue pursuant to 28 U.S.C. § 1404. As an initial matter, Fed. R. Civ. P. 12(h) holds that an improper venue defense is waived if a party fails to raise the defense in the first Rule 12 motion or responsive pleading. *See, e.g., Lanehart v. Devine*, 102 F.R.D. 592, 592 (D. Md. 1984). Defendant PTS

---

[3] Only Defendant King's affidavit is properly attached to this motion. Defendant Cabrera is ordered to file an affidavit detailing his transport of Plaintiff within 14 days.

failed to raise an objection to venue either in its Partial Answer or in its Partial Motion to Dismiss. *See* ECF Nos. 9, 10. PTS contends that the defense was unavailable, and thus not waived, *see Seidel v. Kirby*, 296 F. Supp. 3d 745, 750 (D. Md. 2017), because Plaintiff's original Complaint did not provide enough specific information to place Defendant on notice that venue was improper in the District of Maryland. The Amended Complaint, on the other hand, offers a map of Plaintiff's route, showing that the Plaintiff left Montgomery County, Maryland and traveled directly into Virginia. *See* ECF No. 40 at 3. This argument is not persuasive. Plaintiff's map was reconstructed from a log kept by PTS drivers acquired by Plaintiff during discovery; all of the information added to the Amended Complaint was in possession of PTS when it filed its Partial Answer and Partial Motion to Dismiss over two months after the original Complaint was filed. Plaintiff's Original Complaint identified the name of the prisoner being transported, the time and date he was picked up by PTS employees, and allegations regarding the route through multiple states, *see* ECF No. 1 ¶¶ 7-12, 17-19; PTS was thus given sufficient detail to be put on notice that the defense was available, and its motion to dismiss under Rule 12(h) is waived.

Defendants Brevard, King, Lebron, and Cabrera, however, had not been named as defendants in Plaintiff's original Complaint. As they had not previously filed a responsive pleading or Rule 12 motion before raising an objection to venue, their Rule 12(h) motion is properly before the Court. The venue statute provides that a civil action may be brought in:

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Plaintiffs argue that venue is proper because a substantial part of the events occurred in Maryland.

In determining whether a substantial part of the events occurred in a state, the Court should review "the entire sequence of events underlying the claim." *Mitrano*, 377 F.3d 402, 405 (4th Cir. 2004) (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)). This standard does not require that "a majority of the events occurred in the district where suit is filed, that the events in that district predominate, or that the chosen district is the best venue." *Seidel*, 296 F. Supp. 3d at 752. Plaintiffs must merely "show that a substantial part of the events giving rise to their claims occurred in the chosen district." *Id*. "Events that relate only tangentially to the claim cannot constitute a 'substantial part of the events or omissions giving rise to the claim'; indeed, strictly speaking, they do not 'give rise to' the claim at all." *MTGLQ Investors, L.P. v. Guire*, 286 F. Supp. 2d 561, 565 (D. Md. 2003).

Here, Plaintiff was taken into custody in Montgomery County, Maryland. He was allegedly shackled too tightly and transported in an overcrowded van with prisoners soiled with urine, feces, and vomit because they had not been allowed adequate bathroom or bathing privileges while in Maryland. These are sufficiently substantial parts of Plaintiff's claim to establish a prima facie showing of venue.

Defendant PTS also moves to transfer to the Middle District of Tennessee under 28 U.S.C. § 1404(a). A motion under § 1404 can be made even after waiving an objection to venue under Rule 12(h). *See, e.g, Glass v. Comm'r, Soc. Sec.*, No. WMN-16-1357, 2017 WL 510391 at *2 (D. Md. 2017). Section 1404 allows a district court to transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). To determine whether to transfer a

9

case under § 1404, the Court considers (1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

First, "[u]nless the balance of factors points 'strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *CV Restoration, LLC v. Diversified Shafts Sols., Inc.*, No. ELH-16-2102, 2016 WL 6648750 at *4 (D. Md. 2016) (quoting *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984)). "This is particularly true where the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action." *Id*. (internal quotations omitted). However, the considerable weight afforded to a plaintiff's choice of forum "is significantly lessened when none of the conduct complained of occurred in the form selected by the plaintiff and said forum has no connection with the matter in controversy." *Id*. For the reasons stated above, that is not so here. Plaintiff was picked up in his home state of Maryland and suffered alleged injuries in Maryland; that his injuries continued as he crossed state lines does not compel the Court to assign less weight to his choice of forum.

As to the second and third prongs, Defendant has offered little to suggest that the District of Maryland is so inconvenient for the witnesses and parties as to require a transfer. One of the most important factors to be considered in deciding a motion to transfer venue is the convenience of witnesses. *Cronos Containers, Ltd. V. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000). Defendant notes that several of the employee defendants are residents of Tennessee, but "the convenience of witnesses who are employees of a party is entitled to less weight because that party can obtain their presence at trial." *CV Restoration*, 2016 WL 6648750 at *5. "[T]he critical determination under this factor is the convenience of the forum to key non-party witnesses." *Weintraub v. Advanced Corr. Healthcare*, 161 F. Supp. 3d 1272, 1280 (N.D. Ga.

2015). To these witnesses, Defendant only asserts, without proof, that prisoners travelling with Plaintiff "may also currently be in Tennessee." ECF No. 49-1. As to the convenience of the parties, "transfer will be refused if the effect of a change of venue would be merely to shift the inconvenience from one party to the other." *CV Restoration*, 2016 WL 6648750 at *6. Defendant offers no suggestion that it would be unduly burdensome for it to be forced to litigate in the state of Maryland. Defendant therefore has not made the requisite showing of hardship sufficient to justify transferring the case away from Plaintiff's chosen forum.

Turning to the final factor, the interests of justice do not weigh heavily enough in favor of transfer to overcome the remaining factors. "Familiarity with applicable law is one of the interests of justice factors." *Cross v. Fleet Reserve Ass'n Penson Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005). The Court may ultimately apply Tennessee law to some of Plaintiff's negligence claims—law with which a district court in the Middle District of Tennessee may be more familiar. But the Court need not transfer this case solely because Tennessee law may be applied to a negligence claim; the plaintiff's choice of forum weighs more heavily than the need to rely on a Middle District of Tennessee District Court to accurately apply Tennessee law in this case. Because the remaining factors are neutral or weigh heavily in favor of Plaintiff, the motion to transfer venue is denied.

C. <u>Motion to Dismiss</u>

Defendant Brevard moves to dismiss Count II of the Complaint, contending that it is not a state actor under § 1983, and that Plaintiff has failed to adequately plead that Brevard has a policy, procedure, or custom that causes violations of the Constitution. Both of these assertions have already been resolved in this litigation as to Defendant PTS. *See* ECF No. 21 at 14 ("[A]s a 'private corporation involved in the custody and control of prisoners,' PTS performs 'a

11

traditional state function' and therefore may be held liable under Section 1983.") (citations omitted); ECF No. 38 at 8 ("[T]he laundry list of additional allegations . . . suggest that even if not done pursuant to written policy, PTS has an informal policy, established through custom or usage, that results in detainees like Karn being subjected to inhumane conditions."). Brevard has offered no distinction between it and PTS that would cause the Court to analyze these assertions any differently, *see* ECF No. 40 ¶¶ 100-04 (detailing similar allegations brought against Brevard) so Brevard's Motion to Dismiss Count II of the Complaint is denied.[4]

## IV. CONCLUSION

Defendants' Motions to Dismiss or to Transfer, ECF Nos. 49, 55, 64, and 65, are denied. Plaintiff will be given 60 days to show cause why Defendants Cabrera and King should not be dismissed for lack of personal jurisdiction. A separate Order shall issue.

Date: February  11, 2019      /s/
                              GEORGE J. HAZEL
                              United States District Judge

---

[4] In Defendant Lebron's Motion to Dismiss, *see* ECF No. 64 ¶ 6, he asserts, without further explanation therein or in his Memorandum of Authorities, that Count II of the Complaint should be dismissed because there is no state action. For the reasons discussed above, this motion is denied.